UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                          :

ANGEL REYES,
                                                          :

                    Petitioner,            08 Civ. 5889 (WHP)

                                                          :

        -against-                          MEMORANDUM & ORDER

                                                          :

UNITED STATES OF AMERICA,
                                                          :

                    Respondent.
                                                          :
------------------------------------------------------X

WILLIAM H. PAULEY III, District Judge:

        Petitioner Angel Reyes ("Reyes") moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, Reyes's motion is denied.

## BACKGROUND

        On November 23, 2004, a jury in this district convicted Reyes of one count of conspiring to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. On August 11, 2005, this Court sentenced Reyes to a term of 86 months of imprisonment.

I. Trial

        The Government's case at trial included testimony from two informants, Estella Zuleta ("Zuleta"), who Reyes approached about introducing him to a cocaine supplier, and Jose Alvear ("Alvear"), who Reyes believed was a cocaine supplier. Their testimony was corroborated by Special Agents of the Drug Enforcement Agency ("DEA"), as well as transcripts

1

of recorded conversations and phone records demonstrating Reyes's efforts to arrange a cocaine sale. Reyes testified in his own defense, claiming that the informants entrapped him. Reyes asserted <u>inter alia</u>, that Zuleta seduced him with the prospect of a sexual relationship.

II. <u>Post-Trial Proceedings</u>

Reyes appealed his conviction arguing, <u>inter alia</u>, that the District Court erred by instructing the jury that Reyes had a motive to lie when testifying. On June 28, 2007, the Court of Appeals affirmed Reyes's conviction and sentence in a summary order. <u>United States v. Reyes</u>, 236 Fed. App'x 731, 733 (2d Cir. 2007). On October 29, 2007, the United States Supreme Court denied Reyes's application for a writ of certiorari. <u>Reyes v. United States</u>, 128 S. Ct. 516 (2007).

## DISCUSSION

Reyes argues that (1) the District Court's jury instruction regarding potential bias in his testimony was erroneous, and (2) his counsel was ineffective for failing to object to the entrapment jury instruction requiring the Defendant to prove inducement by the Government.

I. <u>Jury Instruction</u>

A Petitioner is procedurally barred from raising issues that were litigated on direct appeal in a § 2255 petition. <u>See</u> <u>United States v. Pitcher</u>, 559 F.3d 120, 123 (2d Cir. 2009); <u>see also</u> <u>United States v. Sanin</u>, 252 F.3d 79, 83 (2d Cir. 2001). However, a claim is not barred where it rests upon a different legal ground for relief than raised on direct appeal. <u>See</u> <u>Williams v. United States</u>, 731 F.2d 138, 141-42 (2d Cir. 1984).

2

Reyes's claim that this Court erred by instructing the jury that he had a motive to lie is identical to his claim on direct appeal. See Reyes, 236 Fed. App'x at 736. To overcome this bar, Reyes argues that the Court of Appeals relied on United States v. Toklow, 523 F.2d 853 (2d Cir. 1976), which is no longer good law after United States v. Brutus, 505 F.3d 80 (2d Cir. 2007). However, in deciding Reyes's appeal, the Court of Appeals questioned the continuing viability of Toklow and did not rely on it. See Reyes, 236 Fed. App'x at 736 n.2. Indeed, the Court of Appeals found that "even assuming that the language regarding a 'deep personal interest' and a 'motive to testify falsely' was plain error that affected Reyes's 'substantial rights,' the error did not 'seriously affect the fairness, integrity or public reputation of judicial proceedings,'" because "the evidence of guilt offered against Reyes was overwhelming." Reyes, 236 Fed. App'x at 736. Accordingly, even if this Court could reach Reyes's claim that the jury instruction violated his constitutional rights in this petition, it is entirely without merit.

## II. Entrapment

To prevail on an ineffective assistance of counsel claim, a petitioner must show that (1) his attorney's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for the deficiency in representation, the result of the proceeding would have been different—i.e., that he was prejudiced by his counsel's deficient performance. Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). The "'objective standard of reasonableness'" is measured "'under prevailing professional norms.'" Rompilla v. Beard, 545 U.S. 374, 380 (2005) (quoting Strickland, 466 U.S. at 687-88). "A court deciding an actual ineffectiveness claim must . . . determine whether, in light of all the circumstances, the

3

identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690; see also Rompilla, 545 U.S. at 380. In making this determination, "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690.

"Entrapment is an affirmative defense that requires a defendant to prove by a preponderance of the evidence the government's inducement to commit the crime." United States v. Brand, 467 F.3d 179, 189 (2d Cir. 2006) (quoting United States v. Williams, 23 F.3d 629, 635 (2d Cir. 1994)). If a defendant establishes entrapment, the government can still defeat the defense by showing that the defendant was predisposed to commit the crime. See United States v. Bala, 236 F.3d 87, 94 (2d Cir. 2000).

"A defendant's burden of proof on inducement should not be treated as a hollow requirement in those cases where the government has not conceded the issue." Brand, 467 F.3d at 190. Here, the Government did not concede this element. Therefore, there was nothing objectionable or unreasonable about Defense counsel's failure to object to the Court's entrapment instruction stating that:

> Your inquiry on this issue should first be to determine if there is any evidence that a government agent took the first step that led to the criminal act. If you find that there was no such evidence, there can be no entrapment, and your inquiry on this defense should end there.

(Trial Tr. at 787-789.)

Accordingly, Reyes's ineffective assistance of counsel claim is without merit.

4

## CONCLUSION

For the reasons set forth above, Petitioner Angel Reyes's petition for a writ of habeas corpus is denied. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued. See 28 U.S.C. § 2253(c). In addition, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962).

The Clerk of the Court is directed to dismiss all pending motions and mark this case as closed.

Dated: May 5, 2009
    New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Copies mailed to:*
Angel Reyes
Reg. No. 51970-054
Cibola County Correctional Center
P.O. Box 3540
Mila, New Mexico 87021
*Petitioner Pro Se*

Glen G. McGorty, Esq.
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
*Counsel for the United States*